## GARDNER *vs.* WATERS *et al.*

A bill alleged, in brief, as follows : Complainant, being aged and infirm, was entitled to a homestead ; he had fifty acres of farm lands set apart to him under §2040 of the Code ; the land was somewhat encumbered, but was worth $3,000.00 over and above liens ; the sheriff levied a justice court *fi. fa.* on the property, and sold the same to defendant for $65.00. Complainant was absent from the county, and knew nothing of the levy ; no notice thereof was served of which he knew any thing ; complainant's attorney made a claim affidavit, and presented it to the sheriff, but it was refused ; he then gave notice of the homestead, and defendant bought with full knowledge ; the debt was not one which bound the homestead; the levy was excessive ; complainant had sufficient personalty to pay the debt ; he has tendered to the purchaser the amount paid for the land, which the latter refused to receive. Complainant is old and is about to be turned out of his home. The prayer was for injunction, cancellation of sheriff's deed, etc. The answer set

up that complainant was never entitled to a homestead, that it was illegal, that there were incumbrances on the land, and that defendant bought *bona fide* for value. The chancellor ordered that the injunction be granted upon complainant's giving bond to pay the $65.00; but that it might be dissolved by the defendant's giving bond to pay complainant all damages he might sustain from possession or occupancy by defendant:

*Held*, that the chancellor did not abuse his discretion in granting such order.

SPEER, Justice.